IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KAREN A. SIEBRECHT,          )
                                    )
             Plaintiff,     )     Case No. 05-3037-KI
                                    )
     vs.                    )     OPINION AND ORDER
                                    )
JO ANNE B. BARNHART, Commissioner  )
Social Security Administration,      )
                                    )
            Defendant.    )

Robert F. Webber
Black, Chapman, Webber, Stevens,
Petersen & Lundblade
930 W. 8th Street
Medford, Oregon  97501

       Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon

Neil J. Evans
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Joanne E. Dantonio
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiffs asks the court to expand the administrative record to include:

1. Plaintiff's letter to the Appeals Council dated September 24, 2004, including a letter from Dr. William Husum dated March 19, 2004 and the FAX receipt dated September 24, 2004, 14:55 PM;

2. Plaintiff's letter to the Appeals Council dated September 24, 2004, including medical records and the FAX receipt dated September 24, 2004, 15:53 PM; and

3. A letter from the Appeals Council dated August 31, 2004 granting 25 days to provide more evidence or a statement.

The ALJ found on March 12, 2004, that plaintiff was not disabled under the Act. The Appeals Council denied plaintiff's request for review on March 14, 2005. In doing so, the Appeals Council did not acknowledge receipt of the documents sent by plaintiff's attorney and listed above. Plaintiff contends that since the Appeals Council did not return the additional evidence with an explanation as to why it did not accept it, the Appeals Council must have accepted the documents and considered them.

Page 2 - OPINION AND ORDER

The Commissioner objects to expanding the administrative record because there is no evidence that the Appeals Council considered the proffered documents. Thus, the Commissioner contends that the administrative record is complete as filed. Alternatively, if the court concludes that the additional medical records must be added to the record, the Commissioner argues that the case must be remanded under sentence six of 42 U.S.C. § 405(g) to allow the Agency to consider the additional information. The Commissioner argues, however, that the medical records are not material because they address plaintiff's condition one to five months after the ALJ's decision.

Plaintiff's counsel clearly sent the additional evidence to the Appeals Council. When the record is silent about whether the Appeals Council actually received the additional evidence, I am not willing to conclude that it did. I am also unwilling to deny plaintiff the opportunity to have the additional evidence appropriately reviewed. See Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000) (additional evidence presented to the Appeals Council may be considered by the court in determining if the ALJ's denial of benefits is supported by substantial evidence; the case must be remanded to the ALJ for consideration of the new evidence, rebuttal by the Commissioner, and any additional testimony needed because of the new evidence).

Under sentence six of 42 U.S.C. § 405(g), the court may order additional evidence be taken "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Good cause has been shown–the new evidence apparently was misplaced at the Agency. I also conclude that the evidence is material. The letter from Dr. Husum, written only a week after the ALJ's denial of benefits, discusses plaintiff's history of neuropathy since Dr. Husum began treating her in

2000.  The letter containing counsel's arguments is commonly sent to the Appeals Council.  The remaining medical records further document plaintiff's cardiac problems during the five months after the denial of benefits and may contain information helpful to the ALJ.

Accordingly, I remand this action under sentence six of 42 U.S.C. § 405(g) to allow the ALJ to consider the new evidence sent by plaintiff to the Appeals Council, as well as any other proceedings the ALJ believes are necessary.  I will close the action for administrative reasons but plaintiff may move to reopen the action if the remand does not resolve the matter.

IT IS SO ORDERED.

Dated this _____23rd_____ day of November, 2005.


       ___/s/ Garr M. King_____
       Garr M. King
       United States District Judge